IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Preston Hollow Community Capital, Inc. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. SA-24-CA-00476-FB |
| § | |
| Robert E. Esrey and § | |
| R. Lee Harris, § | |
| § | |
| *Defendants.* § | |

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
ROBERT E. ESREY AND R. LEE HARRIS

Defendants Robert E. Esrey ("Esrey") and R. Lee Harris ("Harris"), by and through undersigned counsel, file this response to the Complaint of Plaintiff Preston Hollow Community Capital, Inc. ("PHCC"), and state as follows:

**RESPONSE TO COMPLAINT**

**I.   Introduction**

1. In response to Complaint Paragraph No. 1, Defendants admit a Completion Guaranty was executed by Esrey and Harris., and that on the first page of the Completion Guaranty, it states it is "made as of March 30, 2022." However, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole. Esrey and Harris have previously objected to Plaintiff's demands for payments, and subject to those objections, have previously made four (4) payments. Except as expressly admitted, Defendants deny the remaining allegations in Complaint Paragraph No. 1.

2. No response is required to Complaint Paragraph No. 2, and therefore it is denied.

## II.     Parties

3. No response is required to Complaint Paragraph No. 3, and therefore it is denied.

4. In response to Complaint Paragraph No. 4, Defendants admit R. Lee Harris is a natural person and citizen of the State of Kansas, otherwise denied.

5. In response to Complaint Paragraph No. 5, Defendants admit Robert E. Esrey is a natural person and citizen of the State of Kansas, otherwise denied.

## III.    Jurisdiction and Venue

6. Complaint Paragraph No. 6 contains conclusions of law to which no response is required.

7. Complaint Paragraph No. 7 contains conclusions of law to which no response is required.

8. Complaint Paragraph No. 8 contains conclusions of law to which no response is required.

9. Complaint Paragraph No. 9 contains conclusions of law to which no response is required.

## IV.    Factual and Procedural Background

**A. The East Commerce Project in San Antonio**

10. In response to Complaint Paragraph No. 10, Defendants admit a bond sale and purchase transaction was conducted in connection with the construction project located at 3815 East Commerce Street, San Antonio, TX 78219 ("Project"). Defendants further admit the Project is a residential housing project. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

11. In response to Complaint Paragraph No. 11, Defendants admit the Project is designed to have 301 units of multifamily residential housing and that the original anticipated completion date was January 31, 2024. Defendants further admit the Project has experienced certain delays. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

12. In response to Complaint Paragraph No. 12, Defendants admit SAHT Creekview Lofts LLC has an ownership interest in the real estate where the Project is located. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

13. In response to Complaint Paragraph No. 13, Defendants admit Cohen-Esrey Development Group LLC is the Developer of the Project ("Developer") and that they entered into a Development Agreement concerning the Project. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

14. In response to Complaint Paragraph No. 14, Defendants admit series of inter-related agreements and security documents were executed in March 2022 by various parties concerning the Project. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

15. In response to Complaint Paragraph No. 15, Defendants admit PHCC LLC purchased tax exempt bonds concerning the Project. Defendants further admit an "Indenture of Trust" agreement exists between San Antonio Housing Trust Public Facility Corporation and U.S. Bank Trust Company as Trustee dated as of March 1, 2022. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best

evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

16. In response to Complaint Paragraph No. 16, Defendants admit an "Indenture of Trust" agreement exists between San Antonio Housing Trust Public Facility Corporation and U.S. Bank Trust Company as Trustee dated as of March 1, 2022. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

17. In response to Complaint Paragraph No. 17, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

18. In response to Complaint Paragraph No. 18, Defendants admit PHCC LLC was succeeded by Plaintiff Preston Hollow Community Capital, Inc. regarding the Indenture of Trust and the Completion Guaranty. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

19. In response to Complaint Paragraph No. 19, Defendants admit a Loan Agreement exists between San Antonio Housing Trust Public Facility Corporation and SAHT Creekview Lofts, LLC, dated March 1, 2022. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the

written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

20. Defendants deny Complaint Paragraph No. 20.

**B. The Completion Guaranty and Loan Rebalancing Payments**

21. In response to Complaint Paragraph No. 21, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

22. In response to Complaint Paragraph No. 22, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

23. In response to Complaint Paragraph No. 23, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

24. In response to Complaint Paragraph No. 24, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

25. In response to Complaint Paragraph No. 25, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

26. In response to Complaint Paragraph No. 26, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

27. In response to Complaint Paragraph No. 27, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms

and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

28. In response to Complaint Paragraph No. 28, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

C. **Project Delays and Demands for Loan Rebalancing Payments**

29. In response to Complaint Paragraph No. 29, Defendants admit environmental remediation requirements have impacted the construction schedule for the Project and that throughout the Project, the construction schedule has been reviewed and revised periodically. Further, Defendants Lee and Esrey received a demand letter from PHCC dated January 24, 2023, for a $2,000,000.00 Loan Rebalancing Payment. Defendants objected to Plaintiff's demands for payments, and subject to those objections, made the payment ("First Payment). Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

30. In response to Complaint Paragraph No. 30, Defendants admit Lee and Esrey received a demand letter from PHCC dated May 5, 2023, for a $1,000,000.00 Loan Rebalancing Payment. Defendants objected to Plaintiff's demands for payments, and subject to those objections, made the payment ("Second Payment). Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

31. In response to Complaint Paragraph No. 31, Defendants admit Lee and Esrey received a demand letter from PHCC dated August 15, 2023, for a $2,000,000.00 Loan Rebalancing Payment. Defendants objected to Plaintiff's demands for payments, and subject to those objections, made the payment ("Third Payment). Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

32. In response to Complaint Paragraph No. 32, Defendants admit Lee and Esrey received a demand letter from PHCC dated December 11, 2023, for a $2,000,000.00 Loan Rebalancing Payment. Defendants objected to Plaintiff's demands for payments, and subject to those objections, made the payment ("Fourth Payment). Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

33. In response to Complaint Paragraph No. 33, Defendants admit both the construction schedule and estimated date of Substantial Completion have continued to evolve as the Project progresses. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

34. In response to Complaint Paragraph No. 34, Defendants admit Lee and Esrey received a demand letter from PHCC dated March 27, 2024 for a $2,000,000.00 Loan Rebalancing Payment. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

35. In response to Complaint Paragraph No. 35, Defendants admit that through counsel they again objected to Plaintiff PHCC's demand, as they had with each previous demand. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

36. In response to Complaint Paragraph No. 36, Defendants admit Lee and Esrey received a notice of default from PHCC dated May 1, 2024. Plaintiff filed suit the following week, prior to Defendants opportunity to respond to the notice. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

**D. Conditions Precedent**

37. Defendants deny Complaint Paragraph No. 37.

**V.     Causes of Action and Remedies**

**Count One: Declaratory Judgment**

38. No response is required to Complaint Paragraph No. 38, and therefore it is denied.

39. In response to Complaint Paragraph No. 39, Defendants admit Esrey and Harris have previously objected to Plaintiff's demands for payments, and subject to those objections, have previously made four (4) payments. Defendants further admit a controversy exists concerning the obligations and amounts owed by Defendants under the applicable documents, including the Completion Guaranty. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint.

40. No response is required to Complaint Paragraph No. 40, including subparts (i) – (viii), and therefore all are denied.

**Count Two: Breach of Contract**

41. No response is required to Complaint Paragraph No. 41, and therefore it is denied.

42. In response to Complaint Paragraph No. 42, Defendants admit a Completion Guaranty was executed by Esrey and Harris. Except as expressly admitted, Defendants deny the remaining allegations in the aforementioned paragraph of the Complaint. Further, the

written document(s) referenced speak for themselves, are the best evidence of their terms and contents, and should be viewed and interpreted within the context of the document(s) as a whole.

43. Complaint Paragraph No. 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same.

44. Complaint Paragraph No. 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same.

45. Complaint Paragraph No. 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same.

### Count Three: Attorneys' Fees and Costs

46. No response is required to Complaint Paragraph No. 46, and therefore it is denied.

47. No response is required to Complaint Paragraph No. 47, and therefore it is denied.

### **AFFIRMATIVE DEFENSES**

48. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, laches, waiver, payment, unclean hands, accord and satisfaction, and/or estoppel.

49. Plaintiff's claims are barred, in whole or in part, by setoff, deduction, or recoupment.

50. Plaintiff's claims are barred, in whole or in part, under the doctrines of release, waiver, novation, mistake, and/or accord and satisfaction.

51. Defendants reserve the right to assert any affirmative defenses when facts supporting said affirmative defenses become known and/or available to them.

WHEREFORE, Defendants pray that Plaintiff take nothing by its Complaint, that the Court grant judgment in Defendants' favor, that Plaintiff's Complaint be dismissed, and that Plaintiff be

assessed with Defendants' attorneys' fees, costs, and expenses, as well as such other relief that is just and equitable at law or in equity.

Dated: June 18, 2024

Respectfully submitted,

**SANDERFORD & CARROLL, P.C.**
1100 N.E. Loop 410, Suite 610
San Antonio, Texas 78209
Telephone: (210) 202-1980
Facsimile: (254) 773-9175

By:   /s/ Bethany F. Beck
     **BETHANY F. BECK**
     State Bar No. 24068486
     Bethany@txconstructionlaw.com
     **THOMAS J. WALTHALL, JR.**
     State Bar No. 20821600
     Tom@txconstructionlaw.com
     **SHAINA M. H. SWANSON**
     State Bar No. 24113500
     Shaina@txconstructionlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on June 18, 2024, a true and correct copy of this document was filed and served on the following via the Court's CM/ECF system.

Eric W. Pinker
Hayden G. Hanson (Admission Pending)
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: 214.981.3800
Facsimile:  214.981.3839
Email: epinker@lynnllp.com
Email: hhanson@lynnllp.com
*Attorneys for Plaintiff*
*Preston Hollow Community Capital, Inc.*

/s/ Bethany F. Beck